■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MCGOWAN, Appellant. [737 NYS2d 608] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered May 2, 1997, convicting defendant, after a jury trial, of 19 counts of robbery in the first degree and three counts of attempted robbery in the first degree, and sentencing him to an aggregate term of 120 to 240 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause was established by defendant's appearance in a surveillance tape and his recognition, by his own roommate as well as by a police officer, as the person depicted in the tape. Defendant's right to counsel argument is unsupported by any factual record and, in any event, defendant conceded at the hearing that counsel was present before, during and after the lineups. A review of the lineup photograph reveals that the lineup was not unduly suggestive since it contained individuals who were sufficiently similar in appearance to defendant (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). There is nothing in the record to support defendant's contention that the witnesses saw him in a holding cell prior to the lineups or discussed their identifications with each other.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). Defendant has failed to preserve for appellate review his additional contention that the prosecutor's questioning exceeded the bounds of the *Sandoval* ruling, and we decline to review in the interest of justice.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the prosecutor's summation constituted a fair response to the summation of defense counsel and fair comment on the evidence (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We perceive no basis for a reduction of sentence. We note that the aggregate sentence is deemed a sentence of 25 to 50 years by operation of law.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.